**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Reuben ZARAGOZA, Defendant-Appellant.**

**No. 71-1005.**

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1971.

Michael P. Balaban, (argued), Beverly Hills, Cal., for appellant.

Robert C. Bonner, Asst. U. S. Atty., (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES, DUNIWAY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Appellant Zaragoza was convicted for refusing induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We reverse.

Two issues were raised on appeal: (1) whether Zaragoza stated a prima facie claim for conscientious objector status and, if he did, (2) whether there was basis in fact for the denial of his claim.

At argument counsel for the government conceded that, if Zaragoza stated a prima facie claim, our intervening decision in United States v. Andersen, 447 F.2d 1063 (9th Cir., 1971), requires reversal on the second issue. The government argues, however, that Zaragoza failed to state a prima facie claim in that he did not assert a deeply held personal belief in opposition to war in any form but rather relied entirely on quotations from and citations to scripture. We are unable to agree.

Zaragoza registered with his local board on October 1, 1968. He signed the conscientious objector section of his Form 100 and was mailed the conscientious objector claim form, SSS 150, which he completed promptly and returned.

While his Form 150 is not what one would call erudite or elegant, we believe that it states a prima facie claim. Zaragoza is a high school drop out. He is of Mexican-American ancestry and apparently lacks facility in the English language. Thus we do not hold him to the standards of eloquence and sophistication one might expect from a graduate student in philosophy. *See* Gruca v. Secretary of Army, 141 U.S. App.D.C. 851, 436 F.2d 239, 246–247 (1970), cert. denied, 401 U.S. 978, 91 S. Ct. 1207, 28 L.Ed.2d 328 (1971).

Zaragoza's claim begins with his signature to the printed text which reads as follows:

> I am, by reason of my religious training and belief, conscientiously opposed to participation in war in any form and I am further conscientiously opposed to participation in noncombatant training and service in the Armed Forces. I, therefore, claim exemption from both combatant and noncombatant training and service in the Armed Forces, but am prepared to perform civilian alternative service if called.

In the space where the registrant is instructed to describe "the nature of *your belief*" (emphasis added), Zaragoza's statement alludes to the commandment against killing, the teaching that Christians are to love their enemies, and the admonition from Saint Paul that Christians wrestle not against flesh and blood. Zaragoza also makes reference to the Biblical passages from which these doctrines are taken.

Zaragoza further states that he has been a lifelong member of the Church of God-Seventh Day * and that "the church teaches that christians (sic) shouldn't participate in any form of Military (sic) service." He adds, "I also believe this too (sic)."

Zaragoza appeared personally before his local board. The board either decided or assumed that he had presented a prima facie claim and proceeded directly to the merits. According to the secre-

---

* Not Seventh Day Adventist.

**1280**

tary's abstract of the interview, Zaragoza stated that "he believed as his church did, and he would not affiliate himself with the armed forces."

In light of the affirmations of belief set out above, we hold that Zaragoza presented a prima facie claim of conscientious objection based on his own beliefs, not a mere parroting of scripture and church doctrine. A contrary interpretation would be nit-picking and would unfairly discriminate against the unlearned and inarticulate in favor of the educated and fluent.

Reversed.